(57 App. Div. 347.)

## WOOLVERTON v. AUSTIN.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

PARTNERSHIP—DISSOLUTION AGREEMENT—CONSTRUCTION—LIABILITY OF RETIRING PARTNER.

> Where a partnership is dissolved by one of the partners transferring to the other, for a consideration, all his interest in the firm property, under an agreement reciting that all the outstanding accounts due the firm shall be divided between the partners, and that the remaining partner shall assume all obligations subsequently contracted, without any ref-

erence to obligations due by the firm at the dissolution, such retiring partner's interest in the accounts collected is subject to the payment of the firm debts accrued prior to the dissolution.

Appeal from judgment on report of referee.

Action by Andrew W. Woolverton against Thomas Austin to recover plaintiff's proportionate share of certain outstanding accounts due a firm of which they were partners, and collected by defendant, and for an accounting of the moneys so collected. From the judgment entered on a referee's report, defendant appeals. Reversed.

On about November 1, 1883, the plaintiff and the defendant formed a co-partnership for the purpose of conducting an insurance business and agency in the city of Albany. They continued the business under an oral agreement until February 3, 1897, when an agreement was executed by them for a dissolution of the co-partnership as of December 31, 1896. The provisions of the written agreement were in substance as follows: (1) The dissolution of the co-partnership as of December 31, 1896. (2) The sale by the plaintiff to the defendant of the plaintiff's interest in the good will of the business and in all of the property, including office fixtures, furniture, books, maps, and other documents used and useful in connection with said business, except outstanding book accounts or obligations due and owing to said co-partnership firm up to and including the 31st day of December, 1896, together with his interest in the business which had been transacted by said firm from and including January 1, 1897, for which the defendant agreed to pay the plaintiff, on the delivery of the instrument, $4,000. (3) "That all of the outstanding accounts and obligations due to said firm up to and including the 31st day of December, 1896, when realized, shall be divided between the parties hereto in proportion to the interests each had in such co-partnership, viz. two-thirds to said party of the first part [the defendant], and one-third to said party of the second part [the plaintiff]; and either of the parties hereto may collect and discharge any of such outstanding obligations, each accounting to the other for the amount so collected and received." (4) The defendant assumed and agreed to pay and discharge any and all obligations contracted in connection with said business from and including the 1st day of January, 1897, and to save the plaintiff harmless therefrom. (5) The defendant was to continue the same business as theretofore conducted by the firm, and the plaintiff agreed not to engage for five years thereafter or to be interested in the insurance business or agency in the city or county of Albany, and to pay in case of a breach $4,000 as liquidated damages. The action was brought to recover of the defendant the plaintiff's proportionate share of the outstanding accounts and obligations due the firm December 31, 1896, collected by the defendant, and asked that an account of the moneys so collected be taken and stated, and that he have judgment for his proportionate share. The answer denied that there was any amount due the plaintiff from the collection of said accounts, alleged payment to the plaintiff of $1,000 from the said collections, and set up as a counterclaim that at the time of the dissolution of the co-partnership and the making of the agreement the plaintiff was indebted to the firm by reason of overdrafts made by him from the funds of the firm in about the sum of $4,000. The plaintiff replied, denying this counterclaim. On the hearing before the referee it was admitted that the book accounts collected by the defendant amounted to $15,213.61. It appeared from the uncontradicted testimony of the defendant that on the 31st day of December, 1896, there were outstanding debts and obligations owing by the firm to third persons amounting to $6,118.27; and it was admitted that the amount of the debts of the firm paid between that day and January 30, 1897, was $5,875.76. It was also admitted that there had been paid by the defendant to the plaintiff since February 3, 1897, in cash and by credit of accounts, the sum of $1,171.04. The referee found for the plaintiff for one-third of the $15,213.61, outstanding accounts collected by defendant, less the sum of $1,171.04 paid by the defendant to the plaintiff, and refused to make any deduction for the indebtedness of the firm paid out

of these collections, amounting to $5,875.76, or to take into consideration the account of each partner with the firm.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

John T. Cook, for appellant.

James J. Farren, for respondent.

EDWARDS, J. The partnership heretofore existing between the parties was dissolved, as of the 31st day of December, 1896, by an agreement executed by them on February 3, 1897. The controversy in this case arises out of that part of the agreement which provides that:

"All of the outstanding accounts and obligations due to said firm up to and including the 31st day of December, 1896, when realized, shall be divided between the parties hereto in proportion to the interests each had in such co-partnership, viz. two-thirds to said party of the first part [the defendant], and one-third to said party of the second part [the plaintiff]; and either of the parties hereto may collect and discharge any of such outstanding obligations, each accounting to the other for the amount so collected and received."

The contention of the plaintiff is that the agreement was a settlement between the parties of all their partnership affairs, and that by the foregoing clause the defendant was bound to pay to the plaintiff one-third of the accounts due the firm on December 31, 1896, collected by defendant, without regard to the partnership debts owing at that time, or the state of the account between the partners. I think that the referee erred in adopting that construction of the agreement. The sale by the plaintiff to the defendant was not of his interest in the partnership, which might raise a presumption of a complete settlement, but was a sale of specific property only, and the contract should be construed to be a settlement of the partnership affairs so far only as it purports so to do in express terms or by reasonable implication. It will be observed that the agreement makes no provision for the payment of the partnership debts owing December 31, 1896, although it expressly provides that the defendant shall assume and discharge all obligations of the firm thereafter contracted, and save the plaintiff harmless therefrom. It is hardly conceivable, in view of this express agreement, that so important a one as the assumption by the defendant of all prior obligations of the firm should have been omitted, if such had been the intention of the parties. Notwithstanding the dissolution of the partnership, the parties remained bound for the obligations of the firm to third persons; and the uncollected accounts due the firm December 31, 1896, were liable for those debts. The plaintiff sold to the defendant his interest in the good will and in the office furniture, fixtures, and other property, except the uncollected accounts due the firm December 31, 1896; and his interest in the moneys collected from said accounts, in the absence of any agreement otherwise, was subject to the payment out of the same of the firm's debts, and the adjustment of the accounts between the partners. There is nothing in the agreement from which it can reasonably be inferred that the plaintiff was to be relieved from this

liability. I think the proper construction of the clause in question is that the defendant was bound to pay the plaintiff one-third of the accounts due the firm December 31, 1896, collected by the defendant, subject to the payment of the debts of the firm due December 31, 1896, and to the statement of the account between the parties.

I am of opinion that the referee erred in refusing to make deductions of the debts owing by the firm December 31, 1896, which were paid from the amount collected by the defendant from the accounts then due the firm, and in refusing to take into consideration the statement of the account between the parties; and for this reason the judgment should be reversed, and a new trial granted, with costs to abide the event. All concur; MERWIN, J., in result.